David Axelrod, M.D. Commissioner New York State Department of Health
Your counsel has requested an opinion as to whether a partnership, one of the partners of which is a limited partnership with a corporation as limited partner, may operate a funeral home. The partnership is comprised of four partners: two of the partners are general partnerships, one is a natural person, and the fourth is a limited partnership having a licensed funeral director as the general partner and a corporation which operates a registered funeral home as the limited partner.* Specifically, your request raises the question of whether the provisions of Public Health Law, § 3441(1)(a) would prohibit this partnership from operating a funeral home in that all partners must be licensed funeral directors and there is no mechanism for licensing the corporate entity. Public Health Law, § 3441(1)(a) provides in pertinent part:
 "1. No funeral firm shall be operated within the state unless:
 "(a) if the owner is an individual, he shall be a duly licensed funeral director or undertaker; if the owner is a partnership . . . all partners shall be duly licensed funeral directors or undertakers; if the owner is a corporation . . . the manager registered with the department shall be a duly licensed funeral director or undertaker".
In interpreting this section of the statute, it is important to note that, whatever the organizational composition of the "funeral firm" (Public Health Law, § 3400[j]) happens to be, the "funeral establishment" (Public Health Law, § 3400[g]) must be under the direct management and control of a "manager", who is a licensed funeral director or undertaker, registered with the Department of Health with regard to that particular funeral establishment (Public Health Law, § 3441[1][e]; see, Public Health Law, §3428[2][c], [d]). It is the license of this registered manager only which must be conspicuously displayed at the establishment for which the firm registration was issued (Public Health Law, §3441[1][d]). Thus, even though a sole proprietor or the individual partners of a partnership must be licensed funeral directors or undertakers, a manager in charge of the particular establishment must still be designated by the firm and duly registered with the department.
With regard to corporations operating funeral homes, section 3441(1)(a) requires that the registered manager be a duly licensed funeral director or undertaker. There is no requirement that the corporate entity be licensed nor is there any mechanism in the statute for such licensing. This provision contrasts with the requirement that all members of a partnership operating a funeral home must be licensed funeral directors or undertakers (id., § 3441[1][a]) and the requirement that an individual operating a home must be a licensed funeral director or undertaker (ibid.). As previously stated, in addition to this licensing requirement, a funeral home operated by an individual or a partnership must be under the direct management of a registered and licensed manager. Your concern is whether the requirement in section 3441(1)(a) that each partner in a partnership be a duly licensed funeral director or undertaker requires, in the case of a corporation as a partner, that it must be licensed. Restated, must the corporate entity itself be licensed under this provision?
We believe it was not the legislative intent that a corporation serving as a partner in a partnership operating a funeral home must itself be a licensed funeral director. It appears that the statutory provisions reflect the difference between an individual and a partnership, on the one hand, and a corporation, which is an artificial person or legal entity distinct from its shareholders. The statute does not require that the corporation itself be licensed. Only the registered manager of the corporation's funeral home must be a licensed funeral director. In any event, there is no mechanism in the statute for licensing the corporate entity. We do not believe that the Legislature intended that a corporation would be permitted to operate a funeral home itself but could not serve as a partner in a partnership operating a funeral home. Thus, we believe that a corporation serving as a partner in a partnership operating a funeral home need not be a licensed funeral director. The partnership's registered manager would have responsibility for management and control of the partnership's funeral home.
We conclude that a corporation cannot be a licensed funeral director. A corporation may serve as a partner in a partnership operating a funeral home. The partnership's registered manager has responsibility for management and control of the partnership's funeral home.
* A corporation may serve as a partner in a partnership (Business Corporation Law, § 202[a][15]).